IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16cv58

| | |
|---|---|
| BILLIE JUNE WOODS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> _____ ) | MEMORANDUM AND <br> RECOMMENDATION |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for disability benefits. This case is now before the Court on the parties' Motions for Summary Judgment. Upon a review of the record, the parties' briefs, and the relevant legal authority, the Court **RECOMMENDS** that the District Court **DENY** the Motion for Summary Judgment [# 11], **GRANT** the Motion for Summary Judgement [# 16], and **AFFIRM** the decision of the Commissioner.

I. **Procedural History**

Plaintiff filed an application for disability insurance benefits on May 28, 2013. (Transcript of Administrative Record ("T.") 136.) Plaintiff alleged an onset

date of April 5, 2013. (T. 136.) The Social Security Administration denied Plaintiff's claim. (T. 84-7.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 90-98.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 39-60.) The ALJ then issued a decision finding that Plaintiff was not disabled from April 5, 2013, through the date of the decision. (T. 32.) Plaintiff requested review of the ALJ's decision. (T. 8.) The Appeals Council denied Plaintiff's request for review. (T. 1-4.) Plaintiff then brought this action seeking review of the Commissioner's decision.

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits his ability to perform basic work-related

functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520.

At the first two steps, the burden is on the claimant to make the requisite showing. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If a claimant fails to satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant is not disabled and the process comes to an end. Mascio v. Colvin, 780 F.3d 632, 634-35 (4th Cir. 2015). The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability. Monroe, 826 F.3d at 179.

If the claimant fails to satisfy his or her burden at step three, however, then the ALJ must still determine the claimant's residual functional capacity ("RFC"). Mascio, 780 F.3d at 635. After determining the claimant's RFC, the ALJ proceeds to step four in order to determine whether claimant can perform his or her past relevant work. Id. The burden is on the claimant to demonstrate that he or she is unable to perform past work. Monroe, 826 F.3d at 180. If the ALJ determines that

a claimant is not cable of performing past work, then the ALJ proceeds to step five. Mascio, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work. Id. The burden rests with the Commissioner at step five to prove by a preponderance of the evidence that the claimant is capable of performing other work that exists in significant numbers in the national economy, taking into account the claimant's RFC, age, education, and work experience. Id.; Monroe, 826 F.3d at 180. Typically, the Commissioner satisfies her burden at step five through the use of the testimony of a vocational expert, who offers testimony in response to a hypothetical from the ALJ that incorporates the claimant's limitations. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180. If the Commissioner satisfies her burden at step five, then the ALJ will find that a claimant is not disabled and deny the application for disability benefits. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.

**III. The ALJ's Decision**

In his September 16, 2014, decision the ALJ found that Plaintiff was not disabled under Sections 216(i) and 233(d) of the Social Security Act. (T. 32.) The ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through December 31, 2017.

(2) The claimant has not engaged in substantial gainful activity since April 5, 2013, the alleged onset date (20 CFR 404.1571 *et seq.*).

(3) The claimant has the following severe impairments: fibromyalgia, generalized osteoarthritis, status-post fracture of the left radius and ulnar styloid, left shoulder bursitis, major depressive disorder, and a generalized anxiety disorder (20 CFR 404.1520(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

(5) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except she can perform frequent postural activity, frequent handling and fingering with the left upper extremity, and she should avoid concentrated exposure to hazards. The claimant can perform simple, routine, repetitive work that requires no more than occasional contact with the public.

(6) The claimant is capable of performing past relevant work in production of manufacturing textiles. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity. (20 CFR 404.1565).

(7) The claimant has not been under a disability, as defined in the Social Security Act, from April 5, 2013, through the date of this decision (20 CFR 404.1520(f)).

(T. 21-32.)

## IV. Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also Monroe, 826 F.3d at 186. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig, 76 F.3d at 589 (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

V.  Analysis[1]

A.  **The Medicaid Decision of the North Carolina Department of Health and Human Services**

Under the pertinent regulations, a disability decision by another governmental agency is not binding on the Commissioner. SSR 06-03p, 2006 WL 2329939, at *6 (Aug. 9, 2006); Gabriel v. Colvin, No. 1:14-cv-270-FDW, 2015 WL 45915591, at *3 (W.D.N.C. Jul. 29, 2015) (Whitney, C.J.); Fraley v. Colvin, Civil Action No. 3:14-CV-192, 2015 WL 5007826, at *5 (W.D.N.C. Aug. 20, 2015) (Voorhees, J.). Such decisions, however, are entitled to consideration and may not be ignored by the Commissioner. SSR 06-03p, 2006 WL 2329939, at *6. In the past, this Court has recommended that the District Court remand a case where the ALJ failed to mention or address a decision by the North Carolina Department of Health and Human Services. Ball v Colvin, No. 1:14cv266, 2015 WL 5714525 (W.D.N.C. Sept. 1, 2015) (Howell, Mag. J.) ("the decision of the ALJ does not even mention the DCDHHS decision . . . By failing to consider the disability determination by the DCDHHS, the ALJ failed to comply with SSR 06-03p . . . .").

The record in this case contains a disability decision from the State of North

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

Carolina Department of Health and Human Services finding that Plaintiff met the criteria for Medicaid eligibility. (T. 211-13.) Unlike the situation in Ball, the ALJ specifically acknowledged the decision from the State of North Carolina Department of Health and Human Services, stating that he considered the decision but found that it was entitled to little weight. (T. 29.) Plaintiff contends that remand is still required in this case because the ALJ dismissed the Medicaid decision in a conclusory manner without explaining in detail the consideration he gave to the decision. (Pl.'s Mem. Supp. Mot. Summ. J. at 6.) As the Commissioner correctly points out, however, Courts in this District have rejected this very argument. See Gabriel, 2015 WL 4591591, at *3; Fraley, 2015 WL 5007826, at *5; Oglesby v. Colvin, Civil Action No. 5:15-CV-023-GCM-DCK, 2016 WL 4445773, at *4-5 (W.D.N.C. Jun. 9, 2016) (Keesler, Mag. J.); Lindsay v. Colvin, Civil Action No. 1:15-CV-013-GCM-DCK, 2016 WL 3519891, at *4-5 (W.D.N.C. Mar. 25, 2016) (Keesler, Mag. J.). Accordingly, the Court finds that the ALJ satisfied the requirements of SSR 06-03p by specifically stating in the decision that he considered the decision of the State of North Carolina Department of Health and Human Services and assigned it little weight. Remand for further consideration of this decision is not warranted.

## B. The ALJ's RFC Determination

Residual functional capacity is an administrative assessment made by the Commissioner as to what a claimant can still do despite his or her physical or mental limitations. SSR 96-8p, 1996 WL 374184 (Jul. 2, 1996); 20 C.F.R. §§ 404.1546(c); 404.946(c). In assessing a claimant's residual functional capacity, the ALJ will consider all of the claimant's medically determinable impairments, including those that are not severe. 20 C.F.R. § 404.1545(a)(2). The residual capacity assessment is based on the all the relevant medical and other evidence in the record. 20 C.F.R. § 404.1545(a)(3). In determining a claimant's residual functional capacity, the ALJ must identify the claimant's functional limitations or restrictions and assess the claimant's work-related abilities on a function-by-function basis. SSR 96-8p. After conducting this function-by-function examination, the ALJ may then express the RFC in terms of an exertion category such as light or medium. Id. The ALJ's assessment must include a narrative discussion detailing how the evidence in the record supports his or her conclusion. Id.

The Fourth Circuit has also explained that there is no *per se* rule requiring remand when an ALJ does not perform an explicit function-by-function analysis in the decision. Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015). Remand,

however, may be appropriate in a situation "'where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review.'" Id. (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2nd Cir. 2013)). Moreover, the ALJ's decision must set forth sufficient analysis to allow this Court to conduct meaningful review. Id. As the Fourth Circuit recently explained:

> Instead, the dispute here arises from a problem that has become all too common among administrative decisions challenged in this court—a problem decision makers could avoid by following the admonition they have no doubt heard since their grade-school math classes: Show your work. The ALJ did not do so here, and this error rendered his decision unreviewable.

Patterson v. Commissioner of Soc. Sec. Admin., __ F.3d __, 2017 WL 218855, at * 6 (4th Cir. Jan. 19, 2017).

Here, the ALJ found that Plaintiff could perform medium work, as defined in 20 C.F.R. 404.1567(c). (T. 23.) The ALJ also found additional functional limitations:

> except she can perform frequent postural activity, frequent handling and fingering with the left upper extremity, and she should avoid concentrated exposure to hazards. The claimant can perform simple, routine, repetitive work that requires no more than occasional contact with the public.

(T. 23.) Plaintiff contends that the decision of the ALJ requires remand because he failed to perform a function by function assessment of Plaintiff's work-related

abilities in accordance with SSR 96-8p.[2] Specifically, Plaintiff contends that the ALJ failed to "perform a function by function analysis of [Plaintiff's] abilities to walk, stand, sit, lift, reach, etc." (Pl.'s Mem. Supp. Mot. Summ. J. at 8, ECF No. 12.) The Court disagrees.

In determining the RFC in this case, the ALJ considered the evidence in the record, including the contradictory evidence that Plaintiff contends supports a finding a disability. (T. 23-30.) The decision sets forth a thorough narrative discussing this evidence. (Id.) The ALJ then determined that based on his review of the medical evidence, the claimant's subjective allegations, the medical opinions, and the combined effect of the impairments that the Plaintiff could work at the medium level of exertion subject to the specific limitations set forth in the RFC. (T. 29-30.) The ALJ also did more than simply summarize the facts and state his findings; he set forth his analysis in the decision and specified how he reached his RFC determination. (T. 28-30.) This is not a case where the ALJ failed to "show his work" and left this Court unable to conduct meaningful review.

Finally, an ALJ may satisfy the function-by-function analysis by referencing

---

2 The Court notes that to the extent that Plaintiff attempts to weave numerous other assignments of error into Plaintiff's argument that the ALJ failed to conduct a function by function analysis, such arguments must be set forth in a separate assignment of error to be considered by this Court. See e.g. Armstrong v. Colvin, 2016 WL 7200058, at * 6 n.2 (W.D.N.C. Sept. 2, 2016) (Howell, Mag. J.); Pope v. Colvin, No. 2:13-CV-8-FDW, 2014 WL 944609, at *2 (W.D.N.C. Mar. 11, 2014) (Whitney, C.J.); McClellan v. Colvin, Civil No. 1:12-ccv-00255-MR-DLH, 2013 WL 5786839, at *3 n.2 (W.D.N.C. Oct. 28, 2013) (Howell, Mag. J.); Haynes v. Colvin, Civil No. 2:12-cv-4-MR-DLH, 2013 WL 5729538 (W.D.N.C. Oct. 22, 2013) (Howell, Mag. J.).

a properly conducted analysis by a state agency consultant. See Settlemyre v. Colvin, No. 5:14-cv-00199-MOC, 2015 WL 5457950, at *4 (W.D.N.C. Sept. 16, 2015) (Cogburn, J.); Linares v. Colvin, No. 5:14-CV-00120, 2015 WL 4389533, at *3 (W.D.N.C. Jul. 17, 2015) (Mullen, J.); see also Sineath v. Colvin, 1:16Cv28, 2016 WL 4224051, at *5 (M.D.N.C. Aug. 9, 2016) (collecting cases). The ALJ considered the opinions of the state agency consultants in the record and gave them great weight. (T. 28, 68-82.) The ALJ also explained that he believed additional limitations were justified based on additional evidence introduced at the hearing level. (T. 28.) By considering the analysis of the state agency consultants and according the decisions great weight, the ALJ satisfied the requirements of SSR 96-8p. Because the Court finds that the ALJ's RFC determination is supported by substantial evidence in the record, no remand is required in this case.

### C.  The Opinion Evidence of Dr. Mindy Pardoll

In determining whether a claimant is disabled, the ALJ considers any medical opinions in the record together with the other relevant evidence. 20 C.F.R. § 404.1527(b). Medical opinions constitute statements from physicians and psychologist, as well as other acceptable medical sources, reflecting judgments about the nature and severity of the claimant's impairment, including the claimant's symptoms, diagnosis, and prognosis, what the claimant can still do

despite his or her impairment, and the claimant's physical or mental restrictions. 20 C.F.R. § 404.1527(a)(2). In evaluating and weighing medical opinions, the ALJ considers: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d, 653 (4th Cir. 2005); see also 20 C.F.R. § 404.1527. The ALJ, however, will give a treating source's opinion "controlling weight" where it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record . . . ." 20 C.F.R. § 404.1527(c)(2); Mastro, 270 F.3d at 178. As the Fourth Circuit explained in Mastro:

> Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence. See Hunter, 993 F.2d at 35.

270 F.3d at 178.

Statements by medical sources that a patient is disabled, unable to work, or meets the listing requirements are not medical issues, but are administrative findings reserved for the Commissioner. SSR 96-5p, 1996 WL 374183 (Jul. 2,

1996); 20 C.F.R. § 404.1527(d). Because they are administrative findings, "treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance." SSR 96-5p, 1996 WL 374183 (Jul. 2, 1996).

In addition, the ALJ must provide a good reason in the notice of the determination or decision for the weight he or she gives a claimant's treating source opinions. 20 C.F.R. § 404.1527(c)(2); SSR 96-2p, 1996 WL 374188 (Jul. 2, 1996). Social Security Ruling 96-2p further provides that:

> the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

In contrast to the opinion of a treating source, the opinion of a consultative examiner is not entitled to controlling weight. See generally SSR 96-2P, 1996 WL 374188, at *2 (July 2, 1996). A consultative examiner is a nontreating medical source. See 20 C.F.R. § 404.1502. As the pertinent regulation explains:

> Nontreating source means a physician, psychologist, or other acceptable medical source who has examined you but does not have, or did not have, an ongoing treatment relationship with you. The term includes an acceptable medical source who is a consultative examiner for us, when the consultative examiner is not your treating source.

20 C.F.R. § 404.1502. Of course, the ALJ may still give "great weight" to the

opinion of a nontreating source and, under the right circumstances, may even find that it is entitled to greater weight than that of a treating source. See SSR 96-2P.

The record in this case contains an opinion from Dr. Mindy Pardoll, Psy. D., who conducted a consultative psychological examination of Plaintiff on November 18, 2013. (T. 400-04.) The ALJ thoroughly summarized the opinion and findings of Dr. Pardoll in his decision. (T. 26-7.) After discussing Dr. Pardoll's opinion, the ALJ specifically addressed the weight he assigned the opinion. (T. 28, 30.) Specifically, the ALJ determined:

> The undersigned assigns great weight to Dr. Pardoll's assessment that the claimant is capable of performing simple, repetitive tasks, as this is not only consistent with her own clinical examination, but is also congruent with the record as a whole. However, Dr. Pardoll's opinion that the claimant would not be able to tolerate the stress and pressure associated with daily work activity is not supported by the record and it is based largely on the claimant's self-report. As such, that portion of her assessment is given less weight. Moreover, the undersigned finds that given Dr. Pardoll's diagnoses of a panic disorder and depressive disorder, the claimant would reasonably have some social limitations, which were not reflected in Dr. Pardoll's opinion.

(T. 28.) Unlike some cases that come before this Court, this is not a situation where the ALJ failed to explain his reasoning for the weight assigned to the medical opinions in the record or offered only conclusory findings that make meaningful review from this Court impossible. The ALJ thoroughly discussed the findings of the consultative examination, assigned specific weight to Dr. Pardoll's

opinions, and explained in the decision why he was assigning the given weight. This is all that is required from an ALJ in addressing the medical opinion of a nontreating source such as a consultative examiner. While Plaintiff may have preferred a longer and more detailed explanation, the Court finds that the ALJ adequately explained his decision to assign the given weight to Dr. Pardoll's opinion. Accordingly, the Court finds that remand is not required for the ALJ to further evaluate the opinion of Dr. Pardoll.

## VI. Conclusion

The Court **RECOMMENDS** that the District Court **DENY** the Motion for Summary Judgment [# 11], **GRANT** the Motion for Summary Judgement [# 16], and **AFFIRM** the decision of the Commissioner.

Signed: February 8, 2017

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).