UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:16-cv-00058-MOC-DLH

| | | |
|---|---|---|
| **BILLIE JUNE WOODS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **NANCY A. BERRYHILL,** | ) | |
| **Acting Commissioner of Social Security** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation ("M&R") issued in this matter (#18). In the M&R, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed. See Pl. Objections (#19).

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings

and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

**FINDINGS AND CONCLUSIONS**

**I.  Background**

In the M&R in this case, Magistrate Judge Dennis Howell analyzed the available record, including the disability decision from the State of North Carolina and the decision of the Administrative Law Judge (ALJ). (#18). Ultimately, Magistrate Judge Howell recommended that the court dismiss the suit and grant the Commissioner's Motion for Summary Judgment (#16).

The plaintiff has filed objections to the magistrate judge's M&R. Pl. Objections (#19). Plaintiff's first objection is it was error for the ALJ to not appropriately explain the consideration given to the State of North Carolina's Medicaid disability determination. The plaintiff's second objection concerns the ALJ's function-by-function assessment and resulting Residual Functional Capacity (RFC) finding. Plaintiff argues that the ALJ did not adequately build "an accurate and logical bridge from the evidence to his conclusion." Pl. Objections (#19) at 4 (citing Monroe v. Colvin, 826 F.3d 176, 189-90 (4th Cir. 2016)).

**II.  Discussion**

**A.  First Objection**

With regard to plaintiff's first objection, the plaintiff argues that Social Security

regulations and policies require that an ALJ must explain the consideration they give to other governmental disability determinations. In support of plaintiff's argument, plaintiff cites to Rule 06-03p,[1] which notes:

> Because the ultimate responsibility for determining whether an individual is disabled under Social Security law rests with the Commissioner, we are not bound by disability decisions by other governmental and nongovernmental agencies. In addition, because other agencies may apply different rules and standards than we do for determining whether an individual is disabled, this may limit the relevance of a determination of disability made by another agency. However, the <u>adjudicator should explain the consideration given to these decisions</u> in the notice of decision for hearing cases and in the case record for initial and reconsideration cases.

<u>Titles II & Xvi: Considering Opinions & Other Evidence from Sources Who Are Not "Acceptable Med. Sources" in Disability Claims; Considering Decisions on Disability by Other Governmental & Nongovernmental</u>, SSR 06-03p (S.S.A. Aug. 9, 2006) (emphasis added).

In further support, plaintiff cites a series of cases from the Eastern District of North Carolina, which tend to require additional articulation of reasons for dismissing the determinations of other governmental entities. See <u>Baughman v. Colvin</u>, No. 5:13-CV-143-FL, 2014 WL 3345030 (E.D.N.C., July 8, 2014); <u>Bridgeman v. Astrue</u>, No. 4:07-cv-81-D, 2008 WL 1803619 (E.D.N.C., Apr. 21, 2008). These courts have determined that SSR 06-03p demanded that an ALJ provide more than a "cursory discussion" and that simply stating that the other governmental determination was non-binding was "insufficient" and failed to "provide sufficient articulation for [their] reasons for [dismissing the Medicaid decision] so to allow for a meaningful review by the courts." <u>Baughman</u>, 2014 WL 3345030 at *8.

---

[1] Plaintiff's Objections (#19) refer to both SSR 05-03 and SSR 06-03. The court has reviewed both provisions.

While the decisions of this court's colleagues in the Eastern District can be persuasive, the court's colleagues in this district have found the requirements of SSR 06-03p met where the ALJ notes that other governmental determinations have been considered, but assigned little weight. See, e.g. Gabriel v. Colvin, No. 1:14-cv-270, 2015 WL 45915591 (W.D.N.C. July 29, 2015); Fraley v. Colvin, No. 3:14-cv-192, 2015 WL 50007826 (W.D.N.C. Aug. 20, 2015); Oglesby v. Colvin, No. 5:15-cv-23, 2016 WL 4445773 (W.D.N.C. Jun. 9, 2016); Lindsay v. Colvin, No. 1:15-cv-13, 2016 WL 3519891 (W.D.N.C. Mar. 25, 2016). Review of the ALJ's decision here reveals the state Medicaid determination was taken into account, but was assigned little weight in the ALJ's determination. ALJ Decision (#8-3) at 30. The ALJ went one step further, explaining in a paragraph that the state process for Medicaid eligibility was separate and distinct from the SSA adjudication process. Id. While this court certainly respects the decisions of its colleagues in the Eastern District, the explanation provided in this case clearly meets the requirement of SSR 06-03p as consistently interpreted in this district.

This is not a case in which the ALJ has neglected to mention or review the determination of another government entity. See Ball v. Colvin, No. 1:14CV266, 2015 WL 5714525, at *3 (W.D.N.C. Sept. 1, 2015), report and recommendation adopted, No. 1:14-CV-00266-MOC, 2015 WL 5725254 (W.D.N.C. Sept. 29, 2015). In Ball, this court noted that SSR 06-03p required that Commissioner consider and address a disability decision by another governmental or nongovernmental agency. Id. In the instant case, the state Medicaid decision has been sufficiently considered and addressed.

It is not the role of the courts to re-weigh the evidence before the ALJ; instead, the court asks, ultimately, whether the ALJ had substantial evidence upon which to make this determination. In this case, the court finds the possibility of meaningful judicial review in the

ALJ's discussion of the Medicaid determination. Put another way, the ALJ's decision has provided the court with the ALJ's rationale for not following the determination of the state agency. From the ALJ's decision, it is clear that the ALJ took the Medicaid determination into account and gave it little weight due to the divergent rules applying to each program. That is sufficient explanation for purposes of SSR 06-03p as courts elsewhere in this District have found.

### B. Second Objection

Plaintiff's second objection asserts that the ALJ's function-by-function assessment did not comply with the requirements of Masico v. Colvin, 780 F.3d 632 (4th Cir. 2015) and its progeny. Specifically, plaintiff contends that the ALJ failed to explain how the medical findings in this case supported an RFC for medium work. Pl. Objections (#19) at 4. Instead, according to the plaintiff, the ALJ merely offered a "rote recitation of some of the medical findings in this case," id., and because of this alleged failure, the ALJ did not "build an accurate and logical bridge from the evidence to his conclusion." Monroe, 826 F.3d at 189-90.

The ALJ's found that the plaintiff had the RFC to perform medium work, except that she could perform frequent postural activity, frequent handling and fingering with the left upper extremity, and she should avoid concentrated exposure to hazards. ALJ Opinion (#8-3) at 24. The ALJ further determined in the RFC that the plaintiff could perform simple, routine, repetitive work that requires no more than occasional contact with the public. Id. Under Mascio and its progeny, the court asks whether the ALJ has sufficiently "shown their work" as to avoid a deficiency that would "frustrate meaningful review. 780 F.3d at

636; see also Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 663 (4th Cir. 2017).

What plaintiff characterizes as "rote recitation," the court considers careful review. It is clear from the administrative decision that the ALJ examined the available record and properly documented the weight he assigned to particular sources. For example, he fashioned a portion of the RFC concerning the left extremity due to the plaintiff's left wrist and shoulder injury and noted the connection between the RFC finding and the record. ALJ Opinion (#8-3) at 28 and 30. In addition, the ALJ noted the plaintiff's osteoarthritis and fibromyalgia and limited the plaintiff's RFC to include frequent postural activity and no concentrated exposure to hazards.

The Mascio court specifically rejected a *per se* rule requiring remand when an ALJ does not perform an explicit function-by-function analysis. Mascio 780 F.3d at 646. The Mascio court was particularly concerned with generic or boilerplate findings from an ALJ that a claimant was capable of simple, routine, repetitive tasks Id. at 638. Notably, the Mascio panel was concerned that it was "left to guess" at how the ALJ arrived at his conclusions on that claimant's ability to perform relevant functions. Id. at 637.

The court is not "left to guess" here. The ALJ carefully reviewed the available record and clarified why he was assigning particular weight to particular sources. Plaintiff claims that the ALJ failed to address Ms. Woods' self-stated limitations of not standing for more than twenty minutes or lifting over four pounds. Pl. Objections (#19) at 4. However, the ALJ's opinion noted that the claimant's statements about her limitations were "not entirely credible" as objective evidence from other treating and examining sources failed to substantiate claims of "total disability." ALJ Opinion (#8-3) at 28. Moreover, the ALJ

noted that by plaintiff's own self-report she was able to maintain personal hygiene, cook, perform light chores, drive, travel unaccompanied, shop, handle finances, socialize with family, and attend church services on a regular basis. Id. at 29. The ALJ expressly found that these activities were "inconsistent with the inability to perform at least simple, routine jobs that do not require more than medium physical exertion." Id. The ALJ showed his work and remand is not required.

On a separate note, the ALJ incorporated into his decision the opinions of state agency examiners and gave them great weight. The court notes that referencing properly-conducted function-by-function analyses of state agency examiners is sufficient to meet Mascio's requirements. See, e.g., Settlemyre v. Colvin, No. 5:14-CV-00199-MOC, 2015 WL 5457950, at *4 (W.D.N.C. Sept. 16, 2015); Linares v. Colvin, 5:14-cv-120, at 6–7 (W.D.N.C. July 17, 2015). The failure to perform an explicit function-by-function analysis, by itself, "is not enough to require remand." Harrison v. Colvin, No. 5:15-CV-00108-MOC, 2016 WL 3679294, at *4 (W.D.N.C. July 11, 2016). The ultimate question is whether the ALJ's deficiency frustrates meaningful review. It is apparent in the instant case how the ALJ determined plaintiff's capacity to perform relevant functions and remand would not be appropriate. See Sineath v. Colvin, No. 1:16-CV-28, 2016 WL 4224051, at *5 (M.D.N.C. Aug. 9, 2016) (collecting cases and finding same).

**III. Conclusion**

After careful review, the court determines that the recommendation of the magistrate judge is consistent with and supported by current Fourth Circuit and Supreme Court case law. Further, the factual background and recitation of issues is supported by

the applicable pleadings. Based on such determinations, the court will affirm the Memorandum and Recommendation and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the plaintiff's Objections (#19) are **OVERRULED**, the Memorandum and Recommendation (#18) is **AFFIRMED,** defendant's Motion for Summary Judgment (#16) is **GRANTED,** plaintiff's Motion for Summary Judgment (#11) is **DENIED**, and plaintiff's case is **DISMISSED**.

The Clerk of Court is instructed to enter a Judgment consistent with this opinion.

Signed: March 29, 2017

Max O. Cogburn Jr
United States District Judge